# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:08CV-174-H

**CARL C. REUTHEBUCK II**                                                        **PLAINTIFF**

**v.**

**PATRICIA P. DONNELLY**                                                    **DEFENDANT**

## OPINION AND ORDER

Unrepresented by counsel Plaintiff, Carl C. Reuthebuck II filed this action against Dr. Patricia P. Donnelly. Plaintiff is seeking monetary damages. Because Plaintiff is proceeding *in forma pauperis* this action is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Although Plaintiff's complaint is not a model of clarity, it appears that Plaintiff, a veteran, has been receiving medical care from the Veterans Administration ("VA") for a number of years. It also appears that Defendant Donnelly is employed by the VA as a medical doctor. At some point, Defendant Donnelly became Plaintiff's primary care physician. Prior to seeing Dr. Donnelly, Plaintiff had been receiving the drug Propranolol to treat his high blood pressure. He claims that Dr. Donnelly wrongfully terminated his prescription. Plaintiff then explains that on "February 5, 2008, 9:45 E.D.T. I was taken by ambulance to an E.R. due to my heart going 'nuts.' The cause was the Propranolol being absent."

"When a veteran is injured at a medical center operated by the United States Department of Veterans Affairs he may file for two different types of recovery: disability benefits under 38 U.S.C. § 1151 and medical malpractice tort remedies under the Federal Tort Claims Act." *Glarner v. United States*, 30 F.3d 697, 700 (6th Cir. 1994). Here, Plaintiff's complaint is

centered around allegations of medical malpractice by Defendant Donnelly. Absent is any indication that Plaintiff is seeking disability benefits. Accordingly, the Court construes Plaintiff's complaint as one for medical malpractice under the Federal Tort Claims Act ("FTCA").

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's FTCA malpractice claim against Defendant Donnelly shall proceed for further development. To assist in the development of Plaintiff's claim it is **FURTHER ORDERED:**

(1) The Clerk of Court shall issue summons and the United States Marshals Service shall effect service of process of the complaint and amended complaint (DN 1) on Defendant, the Department of Veterans Affairs, the United States Attorney for the Western District of Kentucky, and the Attorney General of the United States in accordance with Rule 4 of the Federal Rules of Civil Procedure.

(2) The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing party. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(3) Plaintiff must provide written notice of a change of address to the Clerk and to Defendant's counsel. *See* Local Rule 5.2(d).

(4) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court **may result in a dismissal of this case**.

Date:

cc: Plaintiff, *pro se*
 Defendant
 United States Attorney
4412.008

-3-